**METROPOLITAN LIFE INS CO v JARRETT et**
**(2 cases)**

Ohio Appeals, 9th Dist, Summit Co

Nos 2894 & 2900.   Decided April 13, 1937

Hobart Roby, Akron, for appellant.

Schwab & Hinton, Akron, for appellee Rosa K. Jarrett.

## OPINION

By STEVENS, P.J.

The above-captioned cases were submitted and heard together. Both cases are presented as appeals on questions of law and fact, and motions have been filed to dismiss both appeals on the ground that said cases are not chancery cases and, accordingly, are not so appealable.

We are of the opinion that said motions are well taken and should be sustained, and we proceed now to a consideration of said cases as appeals on questions of law alone.

On July 12, 1935, plaintiff filed a suit against the defendant Rosa K. Jarrett, in its first cause of action asking for the recovery of a judgment against said defendant for the amount of the note secured by the mortgage described in its second cause of action, and in its second cause of action asking for foreclosure of said mortgage.

Various other persons and firms were later made parties defendant.

Numerous motions, applications and pleadings were filed, and a corresponding number of hearings were had; and many delays were permitted at the instance of said defendant Rosa K. Jarrett, to accord her opportunities to procure a federal loan upon said premises, so that the amount due at the particular time might be refinanced and the existing note and mortgage discharged.

On the 8th day of December, 1936, a judgment against the defendant Rosa K. Jarrett in the sum of $57,026.64 was entered, as was also a decree ordering the foreclosure of plaintiff's mortgage and the sale of said premises, unless said defendant should pay said judgment within 30 days from the entry thereof. The claimed interests of the other defendants were also disposed of at that time, or reserved for future consideration. However, there is no controversy as to their rights before this court at this time.

On February 19, 1937, the defendant Rosa K. Jarrett filed a motion asking the court's permission to comply with the provisions of the Best Law, and on February 23, 1937, said defendant filed an application for an order requiring a reappraisal of said premises.

On February 26, 1937, said defendant's application for permission to comply with the Best Act was overruled, to which ruling she excepted, and on March 19, 1937, the trial court ordered a reappraisal of said premises, to which order and ruling plaintiff excepted.

The appeal of the plaintiff in case No. 2894 brings before this court for review the propriety of the order of the trial court requiring a reappraisal of said premises.

On April 5, 1937 the defendant Jarrett filed, as one instrument, a motion to vacate the order of February 26, 1937, wherein the court overruled her motion for permission to comply with the Best Act, and a new application for permission to comply with the Best Act. Leave to introduce evidence in support of the application was also asked, in order to disclose to the court the changed conditions upon which the application was predicated.

Upon a hearing of said last application, the trial court vacated its former order denying Mrs. Jarrett the right to comply with the provisions of the Best Act, and granted the new application. The order vacating the judgment entered on February 19, 1937, was made at the term following the one in which said judgment was entered.

In case No. 2900, the appeal by plaintiff on questions of law challenges the right of the trial court, first, to vacate its former order upon a motion filed in a subsequent term of court, and, secondly, asserts an abuse of discretion upon the part of the trial court in permitting said defendant to comply with the provisions of the Best Act.

Former §11588, GC, known as the Best Act, has been amended by the legislature of the State of Ohio which amended §11588, GC, became effective April 1, 1937, prior to the filing of said defendant's second application for permission to comply with said act. but after the denial of said first application; which amendment, among other things, extended the period of operation of said act from April 1, 1937, to April 1, 1939.

It will thus be observed that the question presented to the court, at the time said second application for permission to comply with said act was filed, was substantially different than that submitted at the time the first application was filed, because, had the first application been allowed, the greatest relief which the court could have granted would have been the staying of the order of sale for a period of six weeks, whereas, at the time of the second application, the record discloses substantially changed conditions with reference to said property; and, the law having been changed, the trial court was placed in a position where it could accord to said defendant a stay for a substantially greater period of time than six weeks.

There is contained in said original act no inhibition against the filing of more than one application, nor in the original act is there any time specified within which such application must be filed.

We are unable to conclude from the record before us that upon said second application the trial court abused its discretion in permitting the defendant Jarrett to comply with the provisions of the Best Act and in ordering a stay of the sale of her premises.

With reference to the first assignment of error, namely, the vacation of the original order made on February 19, 1937, upon a motion filed in a subsequent term of court, we hold that the court's order with reference thereto, insofar as it pertained to the propriety or validity of the order made upon the second motion, was mere surplusage.

However, we do not approve of the vacation of a judgment or order of a court, on the ground of irregularity, upon a motion filed at a subsequent term of court, as we are of the opinion that such procedure is not in conformity to the established law with reference to the vacation of judgments after term.

In view of the conclusion which we have reached in case No. 2900, the appeal in case No. 2894 presents only a moot question, and, in that connection, 1 Am. Jur., Actions, §19, states in part:

"The courts exist for the determination of real and existing controversies by the actual parties, and unless the cause of action upon which the plaintiff brings suit relates to such a controversy, the suit will not be entertained."

Also, 1 C.J.S., Actions, §17, as follows:

"To invoke the jurisdiction of a court of justice, as to cause or right of action, it is primarily essential that there be involved a real and existing controversy, calling for a present adjudication involving present rights, and that some relief be sought which may be granted, something further than a mere declaration of right.

"* * *

"As a corollary to the above rule, as a general rule it is not within the function of a court to act upon and decide a moot question or speculative, theoretical, or abstract question or proposition * * *. Accordingly a court ordinarily will not entertain an action or proceeding merely for

the purpose of passing on a moot question or abstract proposition * * *."

See also 1 O. Jur., Actions,. §21.

It is ordered that the appeal by plaintiff in case No. 2894 be dismissed for the reason that said appeal presents only a moot question, and it is ordered that the judgment of the trial court in case No. 2900, according to the defendant the right to comply with the provisions of the Best Act, be affirmed.

WASHBURN and DOYLE, JJ, concur in judgment.